## Lecker v. Valentine et al.

*Workmen's compensation—Employer—Workman lent by one contractor to another.*

1. Where a workman on the pay-roll of one contractor is directed by him to engage in the work of another contractor, pursuant to a contract between the two contractors, and it appears that the workman was under the entire control of the second contractor and was injured while furthering the business and affairs of the second contractor, the latter is liable for the injuries sustained by the workman.

2. The claimant is to be regarded as a laborer hired by the first contractor for the performance on the premises of the second contractor of a part of his regular business entrusted to the first contractor under the contract between them within section 302 (b) of the Act of June 2, 1915, P. L. 736.

Appeal from order of Workmen's Compensation Board. C. P. Elk Co., April T., 1925, No. 23.

ARIRD, P. J., 37th judicial district, specially presiding, June 24, 1925.—This case comes before the court on an appeal from an order of the Workmen's

Compensation Board reversing an award of Workmen's Compensation Referee G. Scott Smith. Stanley M. Stader, a contractor, had a contract at Johnsonburg that required the use of what is known as a "crab" in order to lift steel in connection with the work he was doing. T. J. Valentine, the defendant and employer in this case, had a contract for excavation which he was making at the Nilco Lamp Works and he had a "crab" which he was using in this work. Stanley M. Stader, in order to secure the "crab" for his own use, agreed with Valentine to furnish him with a man and horse to take the place of the "crab" which he was using to pull trucks out of the cellar. In order to comply with this arrangement, Stader employed Lewis Lecker and directed him to report to Valentine with a horse to do the work that had formerly been done by the "crab." Lecker reported as directed by Stader and began work under the direction of Valentine and proceeded to haul trucks from the excavation. While doing this work on July 25, 1923, he suffered an injury that resulted in the loss of his left forearm and the loss of the use of his right hand, which the referee has found to be permanent total disability. Claim petitions were filed by Lecker against Stader and also against Valentine and the State Workmen's Insurance Fund, his insurance carrier, and the testimony taken in one case was admitted by agreement as the testimony in the other case. The referee, after hearing, awarded compensation to the claimant against T. J. Valentine and State Workmen's Insurance Fund and dismissed the claim against Stanley M. Stader. Appeals were taken in both cases to the Workmen's Compensation Board, and, after argument, the board reversed the referee in both cases and made an award of compensation against Stanley M. Stader and set aside the award of the referee in the case against Valentine and the State Workmen's Insurance Fund. An appeal was taken by the defendant in the case against Stader at No. 29, April Term, 1925, and by the claimant in this case. The question to be determined in these appeals is, which one of these defendants is liable to the claimant for compensation. There is no question about his injury or his being in the course of his employment at the time he sustained it. There apparently is no dispute in the facts in this case. The board, in reversing the referee, did not modify the findings of fact, with the exception that the board, in its opinion, stated that they were satisfied under the testimony of Raygor, superintendent of the Stanley M. Stader Company, that Lecker was employed with the expectation of using his services not only in connection with Valentine's work, but ultimately for the general purposes of the Stader Company, which would take his employment out of the casual class. This finding of the board we do not believe is material, as the question of casual employment does not enter into this case. There were a number of exceptions filed to the decision of the board reversing the referee, all of which raise but two questions, the determination of which will decide these cases:

1. Does the claimant, Lecker, come under section 302 (b) of the Workmen's Compensation Act as a "laborer" or an "assistant" hired by an employee or contractor for the performance upon the premises of an employer of a part of his regular business as entrusted to an employee or contractor?

2. Whether or not a regular employee of one person, who was loaned to another for a particular employment, is to be dealt with as the servant of the man to whom he is lent or as a servant of the one who loaned him?

The referee's first finding of fact is as follows: "That Louis Lecker was injured on July 25, 1925, while at work in the employ of T. J. Valentine, as contractor, engaged at the Plant of the Nilco Lamp Works at St. Marys, Pa.; that E. E. Raygor, a general superintendent for Stanley M. Stader, another

contractor, engaged on a separate contract, hired the claimant, together with. his horse, and loaned him to the defendant to reimburse the latter for the loan of a piece of equipment known as a "crab;" that the claimant was placed upon the pay-roll of the contractor, Stader, but his work was under the direct control of the defendant, and at the time of the accident he was furthering the business and affairs of the said defendant."

The Workmen's Compensation Board did not modify this finding of fact and, as the action of the board is final on the fact, we must accept this finding as the arrangement made between Stader and Valentine. Section 302 (*b*) of the Workmen's Compensation Act provides, in part, as follows: "After Dec. 31, 1915, an employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employee or contractor for the performance upon such premises of a part of the employer's regular business entrusted to that employer or contractor, shall be conclusively presumed to have agreed to pay to such laborer or assistant compensation in accordance with the provisions of article III, unless the employer shall post in a conspicuous place upon the premises where the laborer's or assistant's work is done a notice of his intention not to pay such compensation," etc.

The board, in deciding this case, held Lecker was not a "laborer" or an "assistant" within the meaning of this section, for the reason that the work he was doing was not "entrusted to that employer or contractor" (referring to Stader). In this we believe that the board was in error. It certainly was a part of Valentine's regular business to excavate as he was doing, and in carrying on this excavation by some power other than what the trucks provided. He had the "crab" for that purpose. When he loaned the "crab" to Stader, he contracted with him that Stader should furnish some other means of pulling the trucks out of the excavation. Stader furnished him with a man and horse for that purpose, and in doing so, Stader undertook the performance of that part of the regular business of Valentine that had formerly been taken care of by the use of the "crab." It is our opinion that the claimant, Lecker, was a laborer hired by a contractor for the performance on the premises of Valentine of a part of his regular business entrusted to Stader under the contract by which he obtained the use of a piece of machinery known as a "crab," and no notice having been served upon him by Valentine stating that he would not be responsible for compensation for injury to him, that, consequently, under this section, Valentine is liable for the payment of compensation. Having determined that the facts in this case bring the claimant within the provisions of section 302 (*b*) of the Workmen's Compensation Act, it is unnecessary to consider the second question of the liability for compensation to an employer loaned by one employer to another. However, as the referee in the finding of facts has used the term "loaned" in describing the relations between Stader and Valentine, it might be well to consider briefly this relationship. In the case of Tarr *v.* Hecla Coal Co., 265 Pa. 519, it was held by the Supreme Court of Pennsylvania, in an opinion by Justice Walling, that: "Where one person lends a servant to another for a particular employment, the servant, for anything done in that particular employment, must be dealt with as a servant to the man to whom he is lent, although he remains a general servant of the man who lent him."

This was the case of an experienced fire-fighter loaned by one coal company to another to assist in extinguishing a fire in the mine. We do not believe that the facts in this case are analogous to the facts in the case of Tarr *v.* Hecla Coal Company. In that case the employee was loaned by the H. C.

Lecker v. Valentine et al.

Frick Coal and Coke Company to the Hecla Coal Company without any consideration coming to the H. C. Frick Coal and Coke Company. It was simply the loan of an employee. In this case the employee was furnished to Valentine by Stader in compliance with the contract entered into by Stader with Valentine, under which Stader was to receive certain advantage by acquiring the use of the "crab" that belonged to Valentine. It was a contractual relationship between the employer, in which each party was to perform his part, and is not the case of a loaned employee.

We find it necessary to sustain the first, second, third, fourth and twelfth exceptions to the order of the Workmen's Compensation Board reversing the award of Referee G. Scott Smith and reinstate the award.

Now, June 24, 1925, in accordance with the foregoing opinion, the order of the Workmen's Compensation Board, reversing and setting aside the award of G. Scott Smith, is reversed and the appeal sustained and judgment is directed to be entered for the claimant, Lewis Lecker, and against T. J. Valentine and the State Workmen's Insurance Fund in the sum of $5000, being compensation at the rate of $12 per week for a period of 416⅔ weeks, beginning Aug. 4, 1923, payable weekly.